IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORVIS WAIN REYNOLDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-01577-E |
| | § | |
| CITY OF COMMERCE, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss filed by Defendant City of Commerce (the City) in this action bought by Plaintiff Orvis Wain Reynolds under 42 U.S.C. § 1983 (Doc. No. 10). Having carefully considered the motion, the parties' briefing, and applicable law, the Court concludes the motion should be GRANTED.

### BACKGROUND

The following is taken from Reynolds's Original Complaint (Doc. No. 1). Reynolds owns properties in Commerce, Texas. The properties contained three buildings, one of which Reynolds operated as a club for more than thirty-five years. Another building was operated as a commercial grill for an extended period of time. Reynolds maintained the property "in a manner that complied with standards, ordinances and policies" promulgated and implemented by the City.

In May 2017, the City's Building Standards Commission (Commission) entered four orders finding structures on the properties were "dilapidated, substandard and/or unfit for human habitation, constitute[d] a hazard to the health, safety and welfare of the citizen and likely to endanger persons and property." The orders, which were attached to Reynolds's complaint, reflect

1

a public hearing was held on the matter and the Commission "motioned for demo and voted for demo" of structures and ordered abatement of vehicles and property and cleaning of property. In July 2017, pursuant to the orders, three buildings were demolished.

Reynolds asserts the City, through the Commission, "engaged in civil rights violations … being the Illegal Taking of … Property, Equal Right Protection an[d] Due Process Rights under Article 1, section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments to the Constitution of the United States." With respect to those violations, Reynolds alleges only that the City, pursuant to the Commission's orders, demolished the buildings "utilizing erroneous information as a pretext to portray compliance with constitutional guidelines established to protect [his] constitutional rights."

The City moves to dismiss Reynolds's claims because his complaint provides no factual specificity describing, in a nonconclusory way, a policy or custom or its relationship to any underlying constitutional violation. The City also asserts that its ordinances governing the acts are constitutional and Reynolds's illegal taking and due process claims are barred because he did not timely appeal the Commission's orders.

<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

On a Rule 12(b)(6) motion to dismiss, a court may consider only the pleadings, including attachments to the complaint and attachments to the motion if they are referred to in the complaint and central to the plaintiff's claims, and "matters of which judicial notice may be taken under

Federal Rule of Evidence 201." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint does not show the plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

## 42 U.S.C. § 1983

Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a "person" acting under color of state law. 42 U.S.C. § 1983; *Albright v. Oliver*, 510 U.S. 266, 271 (1994). For relief under section 1983, a plaintiff must establish: (1) a constitutional violation; and (2) the defendants were acting under color of state law when they committed the constitutional violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

Municipalities are "persons" within the meaning of section 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). However, a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id*. at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996). "In order to hold a municipality or local government liable under [s]ection 1983 for the misconduct of one if its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted," and the "description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted).

## ANALYSIS

The City moves to dismiss Reynolds's section 1983 claims contending he has not sufficiently alleged facts triggering municipal liability under *Monell*. Citing *Spiller*, the City contends Reynolds has not pleaded specific, nonconclusory facts describing any policy or custom and its relationship to an underlying constitutional violation. *See* 130 F.3d at 167.

A. *Official Policy*

An official policy may arise either directly from an authorized policymaker's "statement, ordinance, regulation, or decision," or indirectly from a "persistent, widespread practice" of non-policymaking municipal employees that "is so common and well settled as to constitute a custom." *Bennett v. Slidell,* 735 F.2d 861, 862 (5th Cir. 1984) (en banc) (per curiam). With respect to a direct policymaker action, a single discretionary action taken by a policymaking official does not

establish an official policy unless the official is "responsible for establishing final government policy" with respect to the discretionary action taken. *Brady v. Fort Bend County,* 145 F.3d 691, 699 (5th Cir. 1998) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)). There is a distinction between a final policymaker and a final decisionmaker. *See Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548–49 (5th Cir. 2008). To be a policymaker, an official must "decide the goals for a particular city function and devise the means of achieving those goals." *Webb v. Town of St. Joseph*, 925 F.3d 209, 217 (5th Cir. 2019). "When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departure from them, is the act of the municipality." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

Under Texas law, the final policymaker for a city is the city council. *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 286 (5th Cir. 2016); *Bolton*, 541 F.3d at 550. Here, the City has empowered the Commission to, among other things, enforce ordinances related to dangerously damaged or deteriorated buildings or improvements. *See* Commerce, Texas, Municipal Code § 2-75(3). Although the Commission may be a final decisionmaker in administering those ordinances, the council is the final policymaker with respect to those ordinances. *See, e.g., Bennett v. City of Slidell*, 728 F.2d 762, 769–70 (5th Cir. 1984).

Reynolds's complaint alleges the City, "pursuant [to the Commission's orders], [d]emolished three building [sic] utilizing erroneous information as a pretext to portray compliance with constitutional guidelines established to protect [his] constitutional rights." This conclusory allegation is not adequate to allege a section 1983 claim; a plaintiff must describe an official policy with specific facts. *Spiller*, 130 F.3d at 167. Indeed, it is unclear if Reynolds is complaining about

the demolition or the Commission's actions related to its orders.[1]  Further, the complaint fails to allege the City's council, the official responsible for establishing final policies to address "dangerously damaged or deteriorated buildings or improvements," used erroneous information as a pretext to portray compliance with constitutional guidelines, promulgated any policy authorizing the Commission to do so, or ratified the Commission's use of such a pretext in this instance. Because Reynolds has not pleaded facts that, read in the light most favorable to him, show an official policy and its relationship to an underlying constitutional violation, he fails to state a section 1983 claim for municipal liability.

>    *B. Constitutional Violations*

In addition to failing to plead facts to show an official policy, the City asserts Reynolds does not sufficiently plead facts to show he was deprived of a federally protected right.  The City contends there is no illegal taking when the property at issue is a nuisance, the ordinances governing the Commission's acts are constitutional, and Reynolds's failure to timely appeal the Commission's orders bar his illegal taking and due process claims.

>    1.  <u>Illegal Taking</u>

"The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth [Amendment]…, provides that private property shall not 'be taken for public use, without just compensation.'"  *Lingle v. Chevron U.S.A. Inc.,* 544 U.S. 528, 536 (2005). Compensation is not required if the property constituted a nuisance. *Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1029 (1992).  "Thus, under federal law, even if the current value of the claimant's

---

[1] Reynolds's response to the City's motion to dismiss provides a bit more information, asserting a homicide occurred at the location two months before the Commission "initiated action under the pretext that [Reynolds's] property did not comply with various building code [sic]."  Reynolds also asserts he complied with the City ordinance governing inspections for issuance of dance hall licenses.  *See* Commerce, Texas, Municipal Code § 14.110.  The Court, however, may consider only the allegations in the complaint.  See *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.  Even had Reynolds alleged these additional facts, the complaint still would not state facts to allege an official policy.

6

property has been destroyed, the claimant cannot recover if the 'background principles of the State's law of property and nuisance' would have prohibited that activity as a nuisance (the 'nuisance exception')." *Vulcan Materials Co. v. City of Tehuacana,* 369 F.3d 882, 892 (5th Cir. 2004) (quoting *Lucas*, 505 U.S. at 1029).

The Commission's orders, which are attached to and set out in part in Reynolds's complaint, reflect that structures on the properties were "dilapidated, substandard and/or unfit for human habitation, constitute[d] a hazard to the health, safety and welfare of the citizen and likely to endanger persons and property." Reynolds generally alleges he "maintained the property … in a manner than complied with [the City's] standards, ordinances and policies," but he pleads no facts related to the condition of any of the demolished structures, including facts to show the structures did not constitute a nuisance or were demolished based on pretext. Accordingly, Reynolds fails to plead adequate facts to show demolition of the structures was an illegal taking in violation of the Fifth Amendment.

The City further asserts Reynolds's illegal taking claim is barred because the Court must give full faith and credit to the Commission's orders, which are final and binding because Reynold's did not file a timely appeal of the orders. *See* 28 U.S.C. § 1738; TEX. LOCAL GOV'T CODE ANN. § 54.041; Commerce, Texas, Municipal Code § 2-79. In his response to the motion to dismiss, Reynolds acknowledges that he did not appeal and argues such an appeal would have been futile. His complaint, however, contains no facts regarding any appeal of the Commission's orders. The Court concludes dismissing Reynolds section 1983 illegal taking claim on the City's full faith and credit defense requires a more fully developed record and is inappropriate at this early pleading stage.

2. Due Process

The Fourteenth Amendment prohibits a state from depriving a person "of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Procedural due process requires notice and an opportunity to be heard. *Matthias v. Bingley*, 906 F.2d 1047, 1051–52, *modified on other grounds*, 915 F.3d 946 (5th Cir. 1990). Substantive due process bars certain government actions when they can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense. *City of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998). It is unclear from the complaint whether Reynolds alleges a violation of his procedural or substantive due process rights, but the City asserts its ordinances and relevant law governing demolition of a nuisance property provide procedural and substantive due process safeguards.[2]

"To bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001). Here, Reynolds alleges his legally protected interest was that he owned the demolished structures. However, he does not allege any facts to show the applicable local ordinances or the state laws under which the City and Commission acted were constitutionally infirm. He does not allege any facts to show he was not provided the required notice of or an opportunity to be heard on the Commission's order and, according to his response, he voiced his concerns in a May 18, 2017, hearing. Accordingly, Reynolds fails to plead a violation of his procedural due process rights.

"Substantive due process 'bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them.'" *Marco Outdoor Advert., Inc. v. Reg'l*

---

[2] As with the illegal taking claim, the City asserts Reynolds's due process claim is barred because he did not timely appeal the Commission's orders. For the same reasons, the Court declines to find the section 1983 due process claim should be dismissed on that basis at this early pleading stage.

8

*Transit Auth.*, 489 F.3d 669, 672 n.3 (5th Cir. 2007) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Reynolds has not alleged facts to show the City's actions were "arbitrary or conscience shocking, in a constitutional sense." *See Lewis*, 523 U.S. at 846–47. Further, if a plaintiff alleges an illegal taking claim and a substantive due process claim together, a court must determine the extent to which the due process claim "rests on protections that are also afforded by the Takings Clause." *John Corp. v. City of Houston*, 214 F.3d 573, 583 (5th Cir. 2000). Reynolds fails to allege any facts to support a substantive due process claim that is "sufficiently independent from the takings claim to stand on its own." *See id.*; *see also Austin Apartment Ass'n v. City of Austin*, 89 F. Sup.3d 886, 901 (W.D. Tex. 2015). Thus, Reynolds also fails to plead a violation of his substantive due process rights.

    3. <u>Equal Protection</u>

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). For a "class of one" equal protection claim, a plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Reynolds does not allege that he was a member of any particular class or was treated differently than a member of any other class. Nor does he allege he was intentionally treated differently from others similarly situated. Accordingly, Reynolds fails to state a section 1983 equal protection claim.

### ARTICLE 1, SECTION 19

Reynolds's asserts a section 1983 cause of action, but, in doing so, refers to violations of the due course clause in Article 1, Section 19 of the Texas Constitution. TEX. CONST. art. I, § 19.

The protections afforded under the Texas due course clause "are congruent with [the procedural due process rights] in the Federal Constitution." *Price v. City of Junction, Tex.,* 711 F.2d 582, 590 (5th Cir. 1983). Thus, the Court concludes any claim Reynolds intends to assert under Article 1, Section 19 must be dismissed for the same reasons as his federal due process claims. Additionally, Article I, Section 19 provides a cause of action for direct claims seeking equitable relief and not a private cause of action for damages. *RBIII, L.P. v. City of San Antonio*, No. SA-09-CV-119-XR, 2010 WL 3516180, at *7 (W.D. Tex. Sept. 3, 2010); *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 148 (Tex. 1995). Reynolds's complaint does not state a cause of action for equitable relief. Accordingly, to the extent he intends to assert a cause of action under Article I, Section 19, the Court grants the City's motion to dismiss the claim.

## CONCLUSION

For the reasons stated above, the Court concludes Reynolds has not pleaded facts that, read in the light most favorable to him, show an official policy and its relationship to any underlying constitutional violation and, thus, fails to state a section 1983 claim for municipal liability. Reynolds also has failed to adequately plead a claim for violation of Article 1, Section 19 of the Texas Constitution.

Accordingly, the Court **DISMISSES without prejudice** Reynold's 42 U.S.C. § 1983 claim and Article 1, Section 19 claim. Reynolds requests, in the event the Court deems his factual allegations insufficient, that he be allowed to replead. Therefore, if he can in good faith replead facts to support his claims, Reynolds may do so on or before May 8, 2020. *See* FED. R. CIV. P. 15(a)(2). If he does not replead those claims, the disposition of those claims will be converted into dismissal with prejudice.

**SO ORDERED**; signed April 17, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE